**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

CASE NO.: 2:20-cv-00512-JLB-NPM

CMR CONSTRUCTION & ROOFING LLC a/a/o
QUARRY COMMUNITY ASSOCIATION INC.,

    Plaintiff,

vs.

EMPIRE INDEMNITY INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW ALLEGING DIVERSITY JURISDICTION

Defendant, Empire Indemnity Insurance Company ("Empire"), submits this supplemental memorandum of law that adequately alleges diversity jurisdiction pursuant to this Court's July 29, 2020, Order,[1] and states:

**I.    Summary**

Empire has obtained additional information that supports diversity jurisdiction. Specifically, Empire has confirmed that: 1) Plaintiff, CMR Construction & Roofing, LLC, ("CMR"), a limited liability company, has only one member, Steven M. Soule, and 2) that Mr. Soule is a citizen of Texas, his state of domicile. Indeed, CMR has admitted this in its own federal filings in this Court. Therefore, having addressed this Court's well-taken concern, and in addition to the allegations and facts provided in the Notice of Removal, Empire has established this Court's diversity jurisdiction over this case, pursuant to 28 U.S.C. §1332(a).

---

[1] D.E. 5: Order at p. 5.

**II.     Background**

1. Empire timely filed its Notice of Removal of this action on July 17, 2020.[2]

2. The removal was based on complete diversity of citizenship between the parties and the amount in controversy in excess of $75,000, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).[3]

3. By Order dated July 29, 2020, this Court *sua sponte* declared that Empire's documents did not necessarily establish that Steven M. Soule was CMR's sole member and did not necessarily establish that he is a citizen of Missouri.[4]  This Court ordered Empire to "file a supplemental memorandum of law that adequately alleges diversity jurisdiction."[5]

4. Empire has confirmed, in several ways, that indeed Mr. Soule, at the time of removal and currently, was and is CMR's sole member and that he is a citizen of Texas.  Therefore, CMR's citizenship is indeed Texas only and that satisfies diversity of citizenship given CMR's LLC status.

---

[2] D.E. 1: Notice of Removal.

[3] *Id.,* at p. 2, ¶ ¶ 5 and 6.

[4] In its Notice of Removal, Empire alleged that CMR is a citizen of Missouri, but noted that Florida's corporate records indicate Steven Soule's address is in Texas, thereby making him a citizen of Texas. *See* D.E. 1 at p. 2, ¶9 and D.E. 1-7. In hindsight, the abundance of caution taken in alleging CMR's "corporate" citizenship as including Missouri (because it was incorporated under Missouri law) was unnecessary as "place of incorporation" is irrelevant with respect to LLCs.

[5] D.E. 5: Order at p. 5.

5.      First, CMR's admissions establish diversity of citizenship.  On June 16, 2020, CMR invoked diversity jurisdiction when it sued a condominium association in the Middle District.  CMR declared it "is a foreign <u>single member</u> limited liability company with its principal office located at 3006 North Lindbergh Blvd., Suite 703, St. Ann, Missouri 63074…"[6] (emphasis added).  CMR further confirmed <u>Mr. Soule's Texas citizenship</u> by alleging what amounts to the basis for his domicile there:

> Steven Soule ("Soule") is the single member of CMR and is a citizen of the state of Texas. Soule resides at 2301 Reflection LN, Prosper, Texas 75078, in Collin County, which he claims a homestead protection for such residence and his intention is to remain in Texas for an indefinite amount of time."[7]

6.      Most recently, CMR repeated the same allegations in another Middle District Court matter (related to the one discussed in the preceding paragraph).  On August 4, 2020, CMR filed its own Notice of Removal and alleged the same jurisdictional facts, that "CMR is a foreign single member limited liability company with its principal office located at 3006 North Lindbergh Blvd., Suite 703, St. Ann, Missouri 63074. . . ."[8] It again stated that "Steven Soule ("Soule") is the single member of CMR and is a citizen of the state of Texas. Soule resides at 2301 Reflection LN, Prosper, Texas 75078, in Collin County, which he claims a homestead protection for such

---

[6] *See* Exhibit A: *CMR Construction and Roofing, LLC v. The Orchards Condominium Ass'n, Inc.,* U.S. Dist Ct. MD Fla, Fort Myers Division, Case No. 2:20-cv-00422-JES-MRM, D.E. 1 – Complaint, p. 1 at ¶3.

[7] *Id.* at p. 2, ¶4.

[8] *See* Exhibit B: The *Orchards Condominium Association, Inc. v. Empire Indemnity Ins. Co. and CMR Construction and Roofing, LLC,* U.S. Dist Ct. MD Fla, Fort Myers Division, Case No. 2:20-cv-00564  DE1: Notice of Removal at p. 7, ¶24.

3

residence and his intention is to remain in Texas for an indefinite amount of time." His driver's license and official property records confirm this.[9]

7.  In addition to CMR's judicial admissions and filings, other official documents confirm that Mr. Soule is the sole director of CMR. In a Texas Franchise Public Information Report, CMR listed only Steven M. Soule as a director when asked to identify "<u>each</u> officer, director, member, general partner or manager."[10] (emphasis added).

8.  Other public records that reflect Mr. Soule and no one else as the representative of CMR are the following:

   a.  Application by Foreign Limited Liability Company for Authorization to Transact Business in Florida for CMR Construction & Roofing, LLC, which identifies Mr. Soule as a person to receive correspondence, a managing member, and a registered agent[11];

   b.  Records from Texas Application for Registration for CMR Construction & Roofing, LLC, which identifies Mr. Soule as registered agent, governing person and authorized person[12]; and

   c.  2019 Indiana Division of Corporations filing for CMR

---

[9] *Id.* at p. 7, ¶25. CMR attached Mr. Soule's State of Texas Driver's License and the Collin County Property webpage of the aforementioned property as Composite Exhibit "G."

[10] *See* Exhibit C: Texas Franchise Tax Public Information Report. This document shows a mailing address for Mr. Soule in St. Ann, Missouri, and a registered agent office address in Keller, Texas.

[11] *See* Exhibit D.

[12] *See* Exhibit E.

4

Construction & Roofing, LLC, which identifies Mr. Soule as CEO[13].

9. Note that in two other cases removed to the Middle District involving CMR as the plaintiff, U.S District Judge John Steele *retained jurisdiction* following supplementation of the record regarding CMR's citizenship.[14] Like the insurers in those actions, Empire does not share state citizenship with CMR.[15] And, therefore, jurisdiction likewise should be retained here.

10. As stated in Empire's Notice of Removal in this case, Empire is an Oklahoma corporation engaged in the insurance business with a statutory home office located at Broadway Executive Park 9, 200 NW 66th Street, Suite 965, Oklahoma City, Oklahoma 73116, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.[16] Thus, Empire is a citizen of Oklahoma and Illinois for purposes of diversity. And, as set forth in the Notice of Removal, the amount in controversy exceeds $75,000.

---

[13] *See* Exhibit F.

[14] *See* Exhibits G and H: *CMR Construction & Roofing, LLC a/a/o Lynn Fletcher and James Fletcher v. ASI Preferred Ins. Corp.*, Case No.: 2:19-cv-00309-UA-MRM (M.D. FL Fort Myers Division, Aug. 12, 2019) (D.E. 17) and *CMR Construction & Roofing, LLC a/a/o Lawrence Farrington v. ASI Preferred Ins. Corp.*, Case No.: 2:19-cv-442-FtM-29MRM (M.D. FL Fort Myers Division, Aug. 12, 2019) (D.E. 21). In supplementing the record in those cases, in addition to the Texas Franchise Tax Public Information Report (Exhibit C), defendants relied on some or all of the documents listed in paragraphs 7 a – c above that identify Steven M. Soule as managing member, governing person, registered agent, or CEO. *See* Exhibits D, E, and F.

[15] In those cases, defendant's citizenship is Florida; here it is Illinois and Oklahoma

[16] D.E. 1 at p. 3, ¶ 11.

### III. Argument

This supplemental memorandum, along with the Notice of Removal, adequately alleges diversity jurisdiction. As this Court explained in its Order, the citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its member(s). *Rolling Greens, MHP, L.P. vs. Comcast SCH Holdings L.L.C.,* 372 F.3d 1020, 1022 (11th Cir. 2004).[17] In turn, the citizenship of an individual member is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Fisher v. Whitlock*, 617CV574ORL37TBS, 2017 WL 11507408 at *1 (M.D. Fla. Apr. 12, 2017). A homestead is evidence of citizenship. *Furnari v. Nuance Communications, Inc.,* 611CV1119ORL35GJK, 2011 WL 13298737 (M.D. Fla. Sept. 20, 2011) (Where a party receives a homestead exemption is evidence of citizenship.).

Through its pleadings and other filings in other federal actions, CMR alleged and established that it is a citizen of Texas for purposes of diversity jurisdiction given that its sole member, Mr. Soule, is a Texas citizen having his domicile in Texas. His citizenship is supported by his driver's license and county property document, attached to CMR's

---

[17] While recognizing that the citizenship of an LLC is determined based on the citizenship of its members, the United States District Court for the Middle District of Florida, Tampa Division, has held that in a case where the public records provided by the Florida Secretary of State for a limited liability company identified the LLC's manager as a citizen of the State of New York and where "[t]here are no additional members listed in the public records provided by the Florida Secretary of State for limited liability company . . . ," this evidence was "sufficient to establish complete diversity in the absence of any evidence to the contrary." *FedEx Techconnect, Inc. v. Camsing Glob. LLC*, 8:14-CV-2097-T-35EAJ, 2014 WL 12694153 at *1 (M.D. Fla. Dec. 10, 2014). *See* D.E. 1-7: Notice of Removal, Exhibit C.

6

court filing.[18]  Moreover, Federal courts hold admissions in pleadings constitute judicial admissions and are binding on the parties who make them.  *Chick-Fil-A, Inc. v. CFT Development, LLC,* 652 F. Supp. 2d 1252, 1260 (M.D. Fla. 2009).  This rule applies to pleadings made by that party in another action. *Continental Ins. Co. of N.Y. v. Sherman,* 439 F.2d 1294, 1298 (5th Cir.1971) ("the pleading of a party made in another ... or the same action are admissible as admissions of the pleading party to the facts alleged therein.").  Accordingly, Empire has established that CMR is a citizen of Texas through the admissions and filings of CMR.  Moreover, it has independently verified the citizenship of CMR through CMR's corporate filings.

A corporation like Empire is a citizen of every state in which it is incorporated and the state where it maintains its principal place of business, 28 U.S.C. § 1332(c).  Thus, Empire is a citizen of Illinois and Oklahoma for purposes of diversity jurisdiction.  Complete diversity exists here because CMR does not share state citizenship in any way with Empire.  Diversity jurisdiction exists because this Court has jurisdiction over this case based on diversity of citizenship and the fact that the amount in controversy exceeds $75,000, as set forth in the Notice of Removal. 28 U.S.C. § 1332.

WHEREFORE, Defendant, Empire Indemnity Insurance Company, requests this Court accept this supplemental memorandum of law and the Notice of Removal as adequately alleging diversity jurisdiction, and for the Court to accept jurisdiction of this matter.

---

[18] *See* Exhibit B.

        BUTLER WEIHMULLER KATZ CRAIG LLP

        */s/J. Pablo Caceres*
        J. PABLO CACERES, ESQ.
        Florida Bar No.:  131229
        pcaceres@butler.legal
        Secondary:   jfan@butler.legal
                        cjenkins@butler.legal
        400 N. Ashley Drive, Suite 2300
        Tampa, Florida 33602
        Telephone:   (813) 281-1900
        Facsimile:    (813) 281-0900
        *Attorneys for Defendant, Empire Indemnity Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Jordan T. Mejeur, Esq.
Cohen Law Group
350 North Lake Destiny Road
Maitland, FL  32751
jmejeur@itsaboutjustice.law
Attorneys For:  Plaintiff

David William Davich, Esq.
Cohen Law Group
350 N. Lake Destiny Road
Maitland, FL 32751
wdavich@itsaboutjustice.law
Attorneys For: Plaintiff

by cm/ecf system on August 12, 2020.

        */s/J. Pablo Caceres*
        J. PABLO CACERES, ESQ.